

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES K. McCELLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 5686 |
| | ) |
| EXPERIAN INFORMATION | ) Wayne R. Andersen |
| SOLUTIONS, INC., | ) District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

Plaintiff, James K. McClelland, brings a two count action against Experian Information Solutions, Inc. ("Experian"), alleging defamation and multiple violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (2003). Experian has filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Experian's motion for summary judgment is granted.

## BACKGROUND

This case centers around a civil judgment that was entered against "James McClelland" on November 20, 2002 in the Markham Municipal Court / Second District ("Markham Judgment") that appeared on Plaintiff's Experian credit file. Plaintiff asserts that the judgment belonged to his son, James H. McClelland, and therefore should not appear on Plaintiff's credit file.

On October 30, 2003, Experian received a letter from Plaintiff disputing the Markham Judgment as "not my account." The letter displayed Plaintiff's name as "James K. McClelland," listed his address as "15225 Willow Creek Land, Orland Park, Illinois 60462," and included his date of birth and social security number. No additional documentation was provided. On

November 3, 2003, Experian initiated a reinvestigation of the disputed information by sending a Consumer Dispute Verification ("CDV") form to third-party vendor, Law Bulletin. The CDV apprised Law Bulletin that Plaintiff was disputing the Markham Judgment, and instructed Law Bulletin to verify the information on the Markham Judgment. Pursuant to a contract between Experian and Law Bulletin, Law Bulletin verifies information regarding a legal judgment by either sending an employee to the courthouse where the judgment is entered in order to view the court's relevant documents or by accessing the court's records via electronic database. Law Bulletin verified that the judgment belonged to "James McClelland d/b/a/ Mack" with an address of "15629 S. 70th Court, Orland Park, Illinois 60262" ("70th Court address"). The 70th Court address is Plaintiff's business address, and it was already present in Experian's database as an address belonging to Plaintiff. After finding that the name and address matched Plaintiff's, Experian determined that the Markham Judgment would remain on Plaintiff's credit file. Experian mailed confirmation of its investigation results to Plaintiff on November 28, 2003.

Experian received additional letters of dispute from Plaintiff on February 2, 2004, May 2, 2004 and July 23, 2004. Each letter disputed the Markham Judgment as "not my account," but provided no additional information. Experian responded to each letter by sending a credit file to Plaintiff stating that the Markham Judgment had been previously investigated. No additional investigations were conducted.

The Markham Judgment was entered against Plaintiff's son, who owned and worked at Mack. Plaintiff also worked at Mack and eventually bought it from his son. Despite writing four letters to Experian, Plaintiff never shared his knowledge that the source of the confusion was the similarity between his name and business address and that of his son.

On August 30, 2004, Plaintiff filed the instant suit against Experian. Plaintiff's complaint alleges that Experian violated multiple provisions of the FCRA and defamed Plaintiff by reporting "derogatory inaccurate information." Plaintiff claimed damages consisting of out of pocket expenses, emotional distress and decreased credit score, and also requested statutory and punitive damages. Despite Plaintiff's alleged emotional distress, he did not take the one step likely to remove the Markham Judgment from his account, namely, telling Experian the Judgment was against his son, also James McClelland. Experian finally learned this information after Plaintiff filed the instant suit, and the Markham Judgment was deleted from Plaintiff's credit file on October 5, 2004. Between October 2003 and October 2004, at least twelve separate institutions accessed Plaintiff's credit file.

Experian has moved for summary judgment on all counts. For the following reasons, Experian's motion for summary judgment is granted.

## DISCUSSION

### A. Summary Judgment

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1985). Initially, the moving party bears the burden of showing that the record contains no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The governing substantive law establishes which facts are material. *Anderson*, 477 U.S. at 248. The non-moving party must present more than a

3

"metaphysical doubt as to the material facts" to survive summary judgment. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 596 (1986). Additionally, "mere conclusory" allegations are not enough. *Nowak v. St. Rita High School*, 142 F.3d 999, 1002 (7th Cir. 1998).

## B.     Claims Under the Act

### 1.     *FCRA § 1681e(b) Claims*

"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). There are four elements to a § 1681e(b) claim.

> In order to recover under this Section, a plaintiff must provide that: (1) there was inaccurate information contained in the consumer report; (2) the inaccuracy was due to the credit reporting company's failure to follow reasonable procedures to ensure maximum accuracy; (3) he suffered actual damages; and (4) those damages were caused by the inaccuracy.

*Quinn v. Experian Solutions*, No. 02 C 5908, 2004 WL 609357, at *2 (N.D. Ill. Mar. 24, 2004) (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

Viewing the facts in favor of Plaintiff, it is reasonable to infer that the Markham Judgment was erroneously contained in his credit report. However, the Seventh Circuit has repeatedly explained that "the FCRA is not a strict liability statute." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280 (7th Cir. 1994)).

#### a.     *Reasonable Standards*

The consumer has the initial burden to "present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information." *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). If a prima facie case is

4

established, the question turns on whether the credit reporting agency maintained "reasonable standards for assuring maximum accuracy." *Henson*, 29 F.3d at 289. Reasonable procedures are "those that a reasonably prudent person would undertake under the circumstances." *Lee v. Experian Information Solutions, LLC*, 2002 WL 22287351, at *3 (N.D. Ill. Oct. 2, 2003). "While the determination of whether a procedure is reasonable is a question for the jury in most cases, if the reasonableness of the procedure is beyond question, summary judgment is appropriate." *Ruffin-Thompkins v. Experian Info. Sys.*, No. 03 C 683, 2003 U.S. Dist. LEXIS 23647, at *9 (N.D. Ill. 2003) (citing *Crabill v. Trans Union L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001)).

The Seventh Circuit has stated, "[T]he statutory duty to maintain reasonable procedures to avoid inaccuracy does not require a credit agency to disregard the possibility that similar files refer to the same person." *Crabill*, 259 F.3d at 663 (information belonging to John Crabill was mistakenly merged with information belonging to his brother, Jerry Crabill). Another case decided by the Seventh Circuit involved a situation in which Experian mistakenly matched an account to the plaintiff when it actually belonged to another individual with the same first and last name. *Sarver*, 390 F.3d at 970. However, "given the complexity of the system and the volume of information involved, a mistake does not render the procedures unreasonable." *Id.* at 972. Despite the mistake, the court still ruled as follows: "We find that as a matter of law there is nothing in this record to show that Experian's procedures are unreasonable." *Id.* at 973. Similarly, there is no evidence to support the argument that Experian's initial reporting procedures were unreasonable in the current case. The Markham Judgment was issued against "James McClelland" at the 70th Court address, and Experian's matching system linked this judgment to Plaintiff, who had the same first and last name and the same address. Moreover,

5

"Experian must be notified of an error before it is required to reinvestigate." *Id.* at 971. Prior to Plaintiff's October 30, 2003 dispute letter, Experian had no reason to be aware of a potential error in Plaintiff's credit report. Therefore, as a matter of law, no § 1681e(b) claim prior to that date can be sustained. *Quinn*, 2004 WL 609357, at *3.

Experian's reinvestigation procedures, discussed more fully in the § 1681i(a) analysis below, were also reasonable as a matter of law. Following receipt of Plaintiff's October 30, 2003 dispute letter, Experian sent a CDV to Law Bulletin to verify the disputed information. Law Bulletin responded with accurate information from the Markham Judgment, and Experian had no reason to doubt that Law Bulletin had conducted a complete investigation. The results of this investigation were relayed to Plaintiff on November 28, 2003. In the absence of additional information which could have – and should have – been supplied by Plaintiff, subsequent reinvestigations of the same dispute were not required.

### b. *Damages*

Even if Experian's procedures were unreasonable, Plaintiff's claims would still fail as a matter of law because Plaintiff has not shown that there is a genuine issue of material fact as to whether he suffered any actual damages. Plaintiff's complaint includes claims for the following types of damages: (1) out of pocket expenses, (2) emotional distress and (3) decreased credit score.

Plaintiff seeks recovery of out of pocket expenses "associated with disputing the information only to find the information to remain on the credit report." Out of pocket expenses incurred simply to *notify* a credit reporting agency of an error, and not to enforce compliance with a specific section of the FCRA, are not compensable as "actual damages" for a violation of the FCRA. *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995).

Additionally, if no violation of the FCRA is shown, out of pocket expenses are not recoverable because they were not expended to enforce the FCRA. *Reed v. Experian Info. Solutions, Inc.*, 321 F. Supp. 2d 1109, 1115 (D.Minn. 2004). As discussed above, Plaintiff has failed to show any violation of the FCRA in this case. Moreover, Plaintiff's response to Experian's motion for summary judgment fails to mention out of pocket expenses in the discussion of damages, so it appears as though Plaintiff himself has abandoned this claim.

Plaintiff has not produced sufficient evidence to sustain his claim for "emotional distress and mental anguish." As the Seventh Circuit explained in *Ruffin-Thompkins*, "This court has 'maintained a strict standard for a finding of emotional damage because they are so easy to manufacture.'" *Ruffin-Thompkins*, 422 F.3d 603, 609 (7th Cir. 2005) (quoting *Sarver*, 390 F.3d at 971). "When the injured party's own testimony is the only proof of emotional damages, [he] must explain the circumstances of [his] injury in reasonable detail; [he] cannot rely on mere conclusory statements." *Ruffin-Thompkins*, 422 F.3d at 609 (quoting *Sarver*, 390 F.3d at 971). Plaintiff in the current case, similar to the plaintiff in *Ruffin-Thompkins*, relied on *Philbin v. Trans Union*, 108 F.3d 957 (3d Cir. 1996), to support the contention that "plaintiff is not required to produce evidence of emotional damages with a high degree of specificity." "*Philbin*, however, is not the law of this circuit." *Ruffin-Thompkins*, 422 F.3d at 609. Plaintiff's alleged emotional damages consist of "constantly talking about it," "thinking about applying for something and not knowing what this effect that is going to have on that application," "gaining weight. Let's blame it on that," and "lack of sleep." Such statements are not sufficient under the strict standard for emotional damages maintained in this circuit. Nor is this a case in which "the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Denius v. Dunlap*, 330 F.3d

919, 929-30 (7th Cir. 2003) (citations omitted) (plaintiff's assertions that he was "embarrassed and humiliated" did not fall into the inherently degrading category). See also *Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004) (evidence consisting of plaintiff's own testimony of stress, humiliation and embarrassment did not present a situation so inherently degrading that a reasonable jury could infer the existence of emotional distress). Plaintiff's claims for emotional damages fail as a matter of law.

Plaintiff has not suffered any actual damages as a result of a decreased credit score. Though it is true that at least 12 different companies accessed Plaintiff's credit file between October 2003 and October 2004, there is no evidence regarding what specific items these entities viewed, nor has Plaintiff asserted any specific instance of those institutions denying him credit as a result of the Markham Judgment. Indeed, Experian's statement of material facts indicates that Plaintiff conceded in his deposition that he was not seeking damages based on any denial of credit or a reduced credit score, and Plaintiff admits these facts in his response. Plaintiff's complaint also alludes to an inability to obtain credit in "future" attempts, but such vague assertions for lost economic opportunities are too speculative to serve as evidence of actual damages. *See Reed*, 321 F. Supp. 2d at 1115. Therefore, Plaintiff's claims for damages resulting from a decreased credit score also fail as a matter of law.

c.   *Causation*

Plaintiff did not show that he suffered any actual damages; therefore, "even if [he] could prove that Experian violated a duty it owed to [him] under the FCRA, [he] cannot establish 'a causal relation between the violation of the statute and the [alleged damages].'" *Ruffin-Thompkins*, 422 F.3d at 609 (citing *Crabill*, 259 F.3d at 664). Regardless of whether or not damages had been shown, which in this case they had not, Plaintiff failed to raise a genuine issue

8

of material fact as to the causation element of the § 1681e(b) claim. Therefore, the claim must fail as a matter of law. *See Quinn*, 2004 WL 609357, at *5.

In sum, Plaintiff has failed to raise a genuine issue as to three of the four tests required to survive summary judgment under a § 1681e(b) claim. Therefore, we grant summary judgment in favor of Experian on the § 1681e(b) claim.

### 2. *FCRA 1681i(a) Claims*

Plaintiff also claims violations of § 1681i(a), which provides,

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A).

"No reinvestigation is required until the credit reporting agency is notified of an error because 'to require otherwise would be burdensome and inefficient,' and '[t]he consumer is in a better position than the credit reporting agency to detect errors [.]'" *Ruffin-Thompkins*, 422 F.3d at 608 (quoting *Henson.*, 29 F.3d at 286). Experian's duty to reinvestigate the Markham Judgment may have arisen four times – once for each letter of dispute sent by Plaintiff. *See Quinn*, 2004 WL 609357, at *5.

The reinvestigation that followed Plaintiff's first letter of dispute was reasonable as a matter of law. After receiving the letter on October 30, 2003, Experian launched a reinvestigation on November 2, 2003. This process was completed on November 28, 2003, when Experian mailed confirmation of the investigation results to Plaintiff, which is in

compliance with the 30-day requirement set forth in § 1681i(a). To conduct the reinvestigation, Experian utilized the CDV procedure, which "alone is accepted by courts as an adequate method both for assuring accuracy and for reinvestigation." *Lee*, 2003 WL 22287351, at *6. Experian considered Law Bulletin to be a reputable entity and had no reason to doubt the completeness and accuracy of the results of Law Bulletin's investigation. Indeed, the information reported by Law Bulletin accurately reflected the information contained in the Markham Judgment file. Law Bulletin reported that the Markham Judgment belonged to "James McClelland d/b/a Mack" at an address of "15629 S. 70th Court, Orland Park, Illinois 60262." Given that first name, last name, and address matched the information contained in Plaintiff's credit file, it is not unreasonable for Experian to conclude that the judgment belonged to Plaintiff. As was discussed above, "[T]he statutory duty to maintain reasonable procedures to avoid inaccuracy does not require a credit agency to disregard the possibility that similar files refer to the same person." *Crabill*, 259 F.3d at 663. In this case, the name and address contained in the Markham Judgment were not merely "similar" to Plaintiff's – they were the same. Plaintiff could easily have assisted in clearing up this matter by informing Experian that the Markham Judgment belonged to his son with the same name, but Plaintiff failed to communicate this useful information.

Plaintiff's second, third, and fourth letters were no more helpful – each subsequent letter merely repeated the "not my account" assertion, without providing any additional information. The FCRA states, "[A] consumer reporting agency may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 USC § 1681i(a)(3)(A). The lack of additional information in Plaintiff's subsequent letters qualifies as a "failure to provide

10

sufficient information to investigate the disputed information." *See Ruffin-Thompkins,* 422 F.3d at 608 (incomplete letter sent by plaintiff did not prompt a full reinvestigation). Therefore, Experian was not obligated to reinvestigate the Markham Judgment after the initial investigation. Upon receipt of each subsequent letter, Experian responded by sending a credit file to Plaintiff stating that the Markham Judgment had been previously investigated. Experian's reinvestigation procedures were reasonable as a matter of law.

Even if Plaintiff could prove that Experian violated its duties under § 1681i(a), he has not been able to show that he suffered any damages as a result, so summary judgment is proper. As was discussed above, plaintiff's claims for out of pocket expenses, emotional damages, and decreased credit score all fail as a matter of law. "It may be that Experian should consider [adjusting its reinvestigation procedures]. Today, however, we need not determine whether [a] potential problem with Experian's reinvestigation procedures led to a violation of the duty imposed by the FCRA because [plaintiff's] inability to show damages dooms [his] claims." *Ruffin-Thompkins,* 422 F.3d at 611.

Experian's reinvestigation procedures were reasonable as a matter of law, and Plaintiff has failed to show he suffered damages. Therefore, Experian's motion for summary judgment on the § 1681i(a) claim is granted.

### 3. *FCRA 1681i(c) Claim*

Plaintiff's complaint included a claim for violation of § 1681i(c), which states,

> Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

15 U.S.C. § 1681i(c). Experian did not need to include a statement of dispute in Plaintiff's

11

report until Plaintiff provided one, *Casella*, 56 F.3d at 474, and Plaintiff admits that he never requested that a consumer dispute statement regarding the Markham Judgment be added to his Experian credit file. Furthermore, Plaintiff failed to discuss his § 1681i(c) claim in defending against the motion for summary judgment, so the claim fails. *See Sarver*, 299 F. Supp. 2d at 877 (citing *Oak Brook Hotel Co. v. Teachers Ins. and Annuity Ass'n*, 846 F. Supp. 634 (N.D. Ill. 1994)).

### 4. *Defamation*

The second count in Plaintiff's complaint accused Experian of defamation for reporting "derogatory inaccurate information." Like Plaintiff's § 1681i(c) claim, the defamation claim was never addressed in Plaintiff's defense against the motion for summary judgment. Therefore, this claim also fails. *See id.*

### 5. *Statutory & Punitive Damages*

Finally, Plaintiff claims that he is entitled to statutory and punitive damages under the FCRA. This claim must be denied. Section 1681n(a) states that "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer" for actual or punitive damages. 15 U.S.C. § 1681n. "To act willfully, a defendant must knowingly and intentionally violate [the FCRA], and it must also be conscious that [its] act impinges on the rights of others." *Ruffin-Thompkins*, 422 F.3d at 610 (quoting *Wantz*, 386 F.3d at 834). In order to have an "intentional" violation of the FCRA, there first must be a violation, which Plaintiff has failed to show. Plaintiff has failed to allege any facts that rise to the level of meriting statutory and punitive damages. "[B]ecause [Plaintiff's] claim[s] under the FCRA cannot survive, it follows, *a fortiori*, that the Court must deny [his] claim for punitive or statutory damages." *Ruffin-Thompkins*, 422 F.3d at 610.

## CONCLUSION

For the foregoing reasons, Experian's motion for summary judgment is GRANTED.

It is so ordered.

                                                  Wayne R. Andersen
                                                  United States District Court

JUL 2 8 2006

Dated: _____